UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DEWITT H. FIFE,

    Plaintiff,

v.                                          Case No. 13-C-0579
                                                     (Crim. Case No. 08-CR-242)

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER GRANTING MOTION TO SUPPLEMENT (DOC. 3), SCREENING § 2255 MOTION, DISMISSING CERTAIN CLAIMS, AND REQUIRING ANSWER

Following a guilty plea, Dewitt H. Fife was convicted as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). District Judge J.P. Stadtmueller sentenced Fife to forty-eight months of imprisonment, but the United States appealed. The Seventh Circuit held that Fife's 1989 conviction under the Illinois armed violence statute qualified as a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). *United States v. Fife*, 624 F.3d 441 (7th Cir. 2010), *abrogated on other grounds*, *United States v. Miller*, 721 F.3d 435, 449 (7th Cir. 2013) (*Fife I*"). When combined with two other violent offenses, the 1989 conviction for armed violence rendered Fife an armed career criminal under ACCA. *Id.* The Seventh Circuit remanded the case for resentencing.

On remand, the case was assigned to this court. This court followed the Seventh Circuit's instructions, finding Fife to be an armed career criminal and the court sentenced him to fifteen years of imprisonment, the statutory minimum. Fife appealed again, though counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit found no nonfrivolous arguments, granted the motion to withdraw, and dismissed the

appeal. *United States v. Fife*, No. 11-2593, slip op. (7th Cir. Sept. 26, 2012) ("*Fife II*").

Addressing Fife's pro se arguments, the court stated:

> Fife suggests three potential arguments in his Rule 51(b) response: whether the district court impermissibly referred to the state complaint in deciding if his conviction for armed violence is a violent felony, whether the reliance on his prior convictions to increase his sentence violated the Double Jeopardy Clause, and whether sentencing him as an armed career criminal without alleging his prior convictions in the indictment and proving them to a jury beyond a reasonable doubt violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Each of these arguments would be frivolous. We decided in Fife's last appeal that his conviction for armed violence is a conviction for a violent felony. And recidivism enhancements are not only consistent with the Double Jeopardy Clause, but also exempt from the rule of *Apprendi*.

*Fife II*, slip op. at 3.

Thereafter, Fife filed this motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. Hence, at the outset, the court must examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings. Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Initially, Fife raised four grounds for relief, with the first containing subparts. Later, Fife moved to supplement the petition with a fifth ground pointing to a United States Supreme Court decision issued after the petition date.

2

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given; Rule 15(d) permits supplemental pleadings regarding an occurrence after the filing of the original pleading, and the motion to supplement and the additional ground were filed within a year of the date on which Fife's conviction became final. The court will construe the original motion and the supplemental brief setting forth the new ground (Doc. 4) together rather than requiring re-pleading. Accordingly, the motion will be granted.

As to "Point 1" of ground one, Fife maintains that this court abused its discretion by "going behind" the statute underlying his prior conviction that involved armed violence by looking at documents improperly and engaging in factual analysis of his prior crimes so as to sentence him as an armed career criminal, contrary to his Sixth Amendment right to have the jury decide factual matters. He adds that this court also failed to look at other documents in the state record that it *was* allowed to review, which show the government cited to a statute that does not exist and that his armed violence conviction could have been related to a charge of unlawful possession of drugs while armed rather than unlawful delivery of drugs while armed. This argument rest on Fife's position that he held two packages, presumably one for each purpose.

As "Point 2" Fife asserts that his firearm possession rights were restored following his previous convictions, thereby precluding the use of those convictions for purposes of conviction and sentencing. In support of this contention, he asks this court to issue a subpoena directing state authorities to obtain copies of the restoration-of-rights letters, as his requests for those letters have been denied. (Doc. 2 at 4.) Regarding "Point 3," Fife contends that his prior convictions occurred on the same day and were part of a common

3

scheme or plan without an intervening arrest. Thus, he maintains they could not be counted separately under ACCA.

Two portions of this ground for relief must be denied and dismissed. Point 1 is barred by the law of the case. In *Fife I*, the Seventh Circuit found that the "modified categorical approach" was appropriate to determine whether Fife's prior conviction for armed violence fell under ACCA's residual clause. *Fife I*, 624 F.3d at 445-46. Using that approach, the appellate court found that Fife's armed violence conviction satisfied the requirements of ACCA. *Id.* at 440. The issue of "going behind" the statute and looking at other documents was decided by the Seventh Circuit. Further, any difference between the underlying conduct of armed violence related to possession versus delivery of drugs was subsumed within the Seventh Circuit's decision that the crime could be counted. Additionally, on appeal counsel admitted at oral argument that Fife's underlying felony was possession with intent to deliver cocaine. 624 F.3d at 447. Further, in *Fife II* the Seventh Circuit found frivolous Fife's argument that this court referred to the state complaint impermissibly. Consequently, these arguments are rejected.

Next, Fife contends that restoration of his rights draws his conviction and sentence into question. Title 18, § 922(g)(1), pursuant to which Fife was convicted, refers to the definition of a felony in 18 U.S.C. § 921(a)(20). Section 921(a)(20) excludes from consideration as a felony for purposes of the chapter any conviction for which a person has had civil rights restored "unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *See United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011); *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009). Fife indicates that his previous convictions were in Illinois, and *Burnett* and *Buchmeier* note

4

problems with the wording of Illinois restoration-of-rights letters.[1]  Hence, Fife reasons that he could not be a felon in possession if his rights were restored and a firearm restriction was not noted.  Nor could the ACCA apply, as it requires three previous convictions referred to in § 922(g)(1) "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

Fife may have set forth a plausible claim under federal law, though it may turn out to have been forfeited.  Fife appears not to have raised the claim earlier and he pled guilty.  A guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations."  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).  Hence, the issue is not the merit of any claim of an antecedent constitutional violation, but rather whether the guilty plea was intelligently and voluntarily entered.  *Id.* at 265, 267.  Although claims of prior constitutional deprivation may be considered when assessing the advice of counsel to plead guilty, they are not independent grounds for habeas relief.  *Id.* at 267.  Nevertheless, Point 2 may continue for now.

As for Fife's third point, the Seventh Circuit noted crimes of burglary in 1980, aggravated arson in 1984, and armed violence in 1989, rather than multiple charges within one case or conduct occurring on one day.  *Fife I*, 624 F.3d at 443-44; *see also Fife II*, slip op. at 2.  Further, in *Fife I*, Fife did not dispute the applicability of the 1980 burglary and 1984 arson convictions.  *Fife I*, 624 F.3d at 444 ("There is no debate in this appeal as to the applicability of the burglary and aggravated arson convictions . . . .").  Thus, Fife's charge that all of his predicate crimes occurred on the same day cannot be factually accurate.

---

[1] Fife says he has tried to get copies of his letters without success.

In ground two, Fife asserts that the government failed to disclose that his rights had been restored, that his unlawful use of a firearm was "nolle prosequi," and that a government citation to an Illinois statute for one of his prior convictions was not directed to an existing law. The government violates due process if it fails to disclose to a defendant evidence that is material to guilt, i.e., exculpatory evidence or evidence that reduces a penalty. *Brady v. Maryland*, 373 U.S. 83, 86-88 (1963). Thus, this claim may continue and the government must respond to it.

In ground three, Fife argues that the indictment was insufficient because it charged him with a crime of which he was actually innocent because his civil rights had been restored. Moreover, he contends that the indictment's insufficiency deprived the court of jurisdiction. Further, Fife argues that had he gone to trial a jury could not have convicted him. However, with his guilty plea Fife waived any argument about the indictment's insufficiency or sufficiency of the evidence. Therefore, he cannot proceed on this ground.

Fife's fourth ground for relief charges ineffective assistance of trial and appellate counsel. According to Fife, he told counsel that his rights had been restored and that he was never convicted of armed violence, but counsel failed to investigate. Fife submits counsel should have moved to dismiss or insisted the case go to trial; instead, counsel's errors caused Fife to plead guilty. Further, Fife maintains counsel failed to investigate the relatedness of his prior convictions for purposes of the ACCA sentence.

Ineffective assistance of counsel as asserted by Fife is a constitutional ground for relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, this claim may continue and the government must answer.

Lastly, Fife cites to *Alleyne v. United States*, 133. S. Ct. 2151 (2013), in support of ground five and claims that elements required for mandatory minimums must be found by

a jury. Fife contends that although he pled guilty he was entitled to a jury trial determination regarding the elements required for imposition of the ACCA penalty. As a consequence, he asserts that his sentence must be vacated, that his prior sentence of forty-eight months should be reinstated, and that he should be released for time served.

Fife misreads *Alleyne*. The case does not apply to elements of prior conviction and the Supreme Court noted as much in *Alleyne*. While acknowledging that facts increasing the penalty range are elements of the crime and that defendants are entitled to a jury determination of such facts beyond a reasonable doubt, the Court referenced an exception applicable to Fife: "In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." 133 S. Ct. at 2160 n.1. Thus, although elements such as drug weight or whether a gun was brandished are for a jury's determination if they increase the mandatory minimum sentence, whether prior convictions exist remains within the province of the judge at sentencing.

The Seventh Circuit confirmed this understanding in *United States v. Long*, No. 11-3888, ___ F.3d ___, 2014 WL 1288061 (7th Cir. Apr. 1, 2014). Several defendants argued in this recent case that under *Alleyne* their prior drug-felony convictions could not increase their mandatory minimums, but the court ruled otherwise:

> [U]nder *Alleyne v. United States*, nearly all facts supporting a mandatory minimum are now treated as elements of an offense that must be charged in an indictment and found by the jury beyond a reasonable doubt.
> *Alleyne* would support the defendants' position but for a footnote in the opinion identifying "a narrow exception . . . for the fact of a prior conviction," which need not be proved to the jury. The exception comes from *Almendarez-Torres v. United States*, which has not been overruled. The defendants argue that recent cases have undermined the exception, but even if *Almendarez-*

7

> *Torres* seems inconsistent with the Supreme Court's recent sentencing jurisprudence, we are bound by its holding. Therefore, the enhanced mandatory minimum was properly applied even though the fact of the prior convictions was never submitted to the jury.

2014 WL 1288061 at *5 (citations omitted). Therefore, ground five must be dismissed.

As a final matter, Fife asks the court to issue subpoenas regarding his restoration-of-rights letters, as he has been denied copies of them. Fife cites to *United States v. Burnett*, No. 09-30032-GPM, 2010 U.S. Dist. LEXIS 26365 (S.D. Ill. Mar. 19, 2010), in which a district court, in a criminal case, authorized subpoenas for such restoration-of-rights letters under Fed. R. Crim. P. 17.

Because the government must respond to the motion, it is premature for the court to order that subpoenas be issued. It appears the United States will review this matter to enable it to respond to Fife's petition. If the government does not obtain copies of the letters referred to in the motion, Fife can renew the request for the subpoenas or other discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings and seek an extension of time to file his reply.

For the above-stated reasons,

IT IS ORDERED that Fife's motion to supplement (Doc. 3) is granted.

IT IS FURTHER ORDERED that grounds 3 and 5 and Points 1 and 3 of ground 1 are dismissed.

IT IS FURTHER ORDERED that Fife's request that the court issue subpoenas for certain restoration of rights letters is denied without prejudice.

IT IS FURTHER ORDERED that within sixty days of the date of this order the United States must answer the remainder of the petition, complying with Rule 5 of the Rules Governing § 2255 Proceedings.

8

IT IS FURTHER ORDERED that Fife may file a reply within thirty days of receipt of the government's answer.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will delay processing of the filing. Plaintiff should retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

Plaintiff is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, plaintiff must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE