UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEWITT H. FIFE,

    Plaintiff,

    v.                                                 Case No. 13-C-0579

UNITED STATES OF AMERICA,

    Defendant.

ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR DISCLOSURE OF ATTORNEY-CLIENT COMMUNICATIONS (DOC. 6) AND MOTION FOR RELEASE OF FEDERAL DEFENDER FILE (DOC. 8)

Dewitt Fife has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Fife challenges his conviction as a felon in possession of a firearm. After screening by the court, three grounds for relief remain, including ineffective assistance of trial and appellate counsel. To respond to that claim, the government contacted Fife's criminal-case attorneys, but they declined to disclose any attorney-client communications without a court order. Further, because two of those attorneys are no longer with the Federal Defender for this district, those attorneys would like to review Fife's file to refresh their recollection about the case. However, the Federal Defender will not permit such review without a court order.

The government has responded to the two other grounds for relief but indicated that until its counsel can talk with Fife's defense attorneys, it has no information with which to formulate a response to the ineffective assistance of counsel claim. The government moves for a court order finding the attorney-client privilege waived regarding the assertions made by Fife regarding his ineffective assistance of counsel claim and allowing review of the Federal Defender file by prior counsel. Fife has not opposed either motion, though he asks to be present at any discussion between his prior attorneys and government counsel or that

a record be made of any conference between his prior attorneys and government counsel (*see* Doc. 9).

## WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The client in the attorney-client relationship holds the attorney-client privilege, and it is up to that individual to waive such privilege. *Paters v. United States*, 159 F.3d 1043, 1060 n.6 (7th Cir. 1998). The privilege can be waived explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). The attorney-client privilege is implicitly waived when an individual asserts claims or defenses that place his attorney's advice at issue. *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *Rhone-Polenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (citing as examples of such a waiver when a litigant files a malpractice action or asserts reliance on the advice of counsel as an affirmative defense); *Lorenz*, 815 F.2d at 1098 ("Implicit disclosure can occur when a holder partially discloses a confidential communication or when a holder relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications." (citation omitted)).

Implied waiver can be found when a petitioner asserts ineffective assistance of counsel in a habeas case. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (stating that "[w]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim" and noting acceptance of this rule by the Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all

2

communications with his allegedly ineffective lawyer."); *Jenkins v United States*, No. 09-CV-713, 2010 WL 145850 *1, *2 (E.D. Wis. Jan. 8, 2010). That the habeas petitioner is pro se does not alter the rule. *Jenkins*, 2010 WL 145850 at *2; *see Pinson*, 584 F.3d at 974, 978 (finding implied waiver of privilege even though petitioner represented himself).

When a petitioner expressly denies waiver of the privilege after asserting an ineffective assistance of counsel claim, the claim cannot stand unless the petitioner permits disclosure of communications necessary for the respondent to adequately defend against the ineffective assistance of counsel claim. "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720.

The court should recognize a waiver no broader than necessary to ensure the fairness of the proceedings. *Bittaker*, 331 F.3d at 720; *see Pinson*, 584 F.3d at 979; *Jenkins*, 2010 WL 145850 at *2. In other words, an implied waiver of the privilege supports disclosure of only those communications specific to the claim. *See Bittaker*, 331 F.3d at 720. A district court granting an order for disclosure should indicate "precisely what information the attorney [is] required to disclose." *Pinson*, 584 F.3d at 979. For instance, in one habeas case the United States provided former counsel of a habeas petitioner with a set of four questions that were meant to elicit his specific responses. *James v. United States*, No. 13-cv-1396, 2013 WL 5835903, *1 (C.D. Ill. Oct. 30, 2013). The court reviewed the questions, and deemed them specifically tailored to the issues raised by the petitioner in his § 2255 motion. *Id.* at *1-*2.

3

Here, government counsel asks for an "order directing former defense counsel in this case to disclose communications with Dewitt Fife and actions in representing Dewitt Fife to the extent necessary to address his allegations of ineffective assistance of counsel." (Doc. 6 at 2.) But an order stating "to the extent necessary" would provide insufficient specificity regarding what the attorneys are required to disclose and what they should maintain in confidence. Who determines what is necessary and to what extent?

Thus, the court will find that Fife's privilege has been waived implicitly through the ineffective assistance of counsel claim and through Fife's failure to object to disclosure itself as to the matters raised in the ineffective assistance of counsel claim. But to limit the scope of the disclosures, the court specifies that the waiver for trial counsel concerns only the three topics set forth on page 10 of Document 2: (1) Fife's apprising counsel that his civil rights were restored on his prior convictions and counsels' failure to conduct a reasonable investigation into this subject; (2) Fife's apprising counsel that he was never convicted for armed violence; and (3) counsels' failure "to investigate the relatedness of the priors used to give Fife the ACCA sentence" (Doc. 2 at 10). The waiver for appellate counsel concerns any communications concerning these three topics and any communications with Fife concerning these alleged omissions by trial counsel. (*See* Doc. 2 at 11.)

To address Fife's request to be apprised of the communications between his prior defense attorneys and government counsel, the court will direct the government to communicate with Fife's defense attorneys in writing through narrowly tailored questions to be answered, providing Fife with a copy of the questions and filing the questions in the record. Fife will have a short period of time to object to the questions and, if no objections are received by the court by the deadline, defense counsel should answer the questions in writing, with a copy mailed to Fife.

4

## RELEASE OF FEDERAL DEFENDER FILE

Fife has alleged ineffective assistance of counsel against Nancy Joseph and Brian Fahl, who worked at the Federal Defender when they represented Fife but have since left that office. According to government counsel, Joseph and Fahl cannot recall details about their representation of Fife and sought review of Fife's file from the Federal Defender's office, but the Federal Defender denied access on ethical grounds unless Fife consents or the court orders review by prior counsel (Doc. 8 ¶ 8).

In general, a lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent to such disclosure. Wis. SCR 20:1.6(a). However, an exception exists "to respond to any allegations in any proceeding concerning the lawyer's representation of the client" or to comply with a court order. Wis. SCR 20:1.6(c)(4), (5).

Because Joseph and Fahl should be permitted to refresh their recollections of their communications with petitioner, the court will order the Federal Defender's Office to permit review of Fife's file by Joseph and Fahl on the condition that the attorneys review such file only regarding the time frame of their respective representations of Fife and earlier. In other words, because the court's records indicate that Joseph represented Fife first and then Fahl represented Fife, Joseph may review her portion of the file, while Fahl can review his portion of the file as well as Joseph's. But neither should be allowed review of any portion of the file following her or his exit from the case. Joseph and Fahl may then use the information in the file to respond to the narrowly tailored questions to be supplied.

CONCLUSION

Therefore,

IT IS ORDERED that respondent's motion for disclosure (Doc. 6) is granted but such disclosure must be limited to answering narrowly tailored questions.

IT IS ORDERED that no later than May 31, 2015, the government shall provide the court and Fife with a list of narrowly tailored questions for defense counsel.

IT IS ORDERED that within fourteen days of receipt of the questions, Fife may file any objection, with reasons stated; in the event Fife objects, the government will have fourteen days from receipt of the objections to reply. In the event Fife does not object, government counsel may forward the questions to Fife's criminal-case attorneys.

IT IS FURTHER ORDERED that the motion to allow review of Fife's Federal Defender file by Joseph and Fahl (Doc. 8) is granted to the extent that Joseph and Fahl may each review the file for the periods of her or his representation of Fife and earlier, but not for any period of time after withdrawal as counsel.

IT IS FURTHER ORDERED that Fife's motion for permission and extension of time to file a traverse (Doc. 13) is denied as moot, as Fife filed a reply brief (Doc. 15) shortly after filing the motion, and the court will consider the reply brief when it decides the case.

The court will set deadlines for supplemental briefing regarding the ineffective assistance of counsel claim (only) after the questions have been forwarded to Fife's defense attorneys.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE